ABRAM V. MORRIS, RESPONDENT, *v.* FRANCIS A. FALES, APPELLANT, IMPLEADED, ETC.

*Right of a creditor to enforce either one of two securities, as may be most to his advantage.*

This action was brought to foreclose a mortgage, dated November 28, 1883, given to the plaintiff by the defendants Clark & Kline upon their "brewery lot" to secure the plaintiff for moneys loaned and notes and obligations made by Clark & Kline, held or indorsed by the plaintiff, "provided, however, that said liabilities shall at no time exceed six thousand dollars, exclusive of costs and expenses; and, to the extent of six thousand dollars, this conveyance shall be a continuing security for any amount that may, at any time, be due said Morris." On March 12, 1883, Clark & Kline gave the plaintiff a mortgage upon other property for $16,000 to secure the plaintiff, as their indorser, relying upon which the plaintiff indorsed their notes to the amount of $14,500. In addition thereto the plaintiff discounted a note for $5,000, made by them and indorsed by Mary McDonald, which became due November 30, 1883.

On December 3, 1883, Clark & Kline made a general assignment for the benefit of their creditors, in which a preference was specified for the McDonald note. Thereafter, and on March 6, 1884, the assignees agreed to sell to the defendant Fales, the real estate of Clark & Kline incumbered by the mortgages above mentioned and others, for the price of $35,000, upon the further agreement that

the assignees should, from the said $35,000, pay the two mortgages held by the plaintiff. The assignees having paid the debt secured by the $16,000 mortgage, and the note indorsed by McDonald, claimed by the plaintiff to be secured by the mortgage upon the brewery, but they failing to pay a $4,000 note, also secured thereby, the plaintiff brought this action to foreclose it.

*Held,* that a claim, made by the defendant Fales, that the $5,000 paid upon the McDonald note should be applied in reduction of the $6,000 limit fixed by the brewery mortgage could not be sustained.

That the plaintiff had the right to use the two securities to his own best advantage, and that he could not be compelled to foreclose his mortgage until he had realized all he could upon the $5,000 note, under the preference given it in the assignment, so as to bring the balance secured by the brewery mortgage within the $6,000 limit fixed by it.

APPEAL from a judgment of foreclosure and sale, entered in Montgomery county upon the decision of the court.

The action was brought to foreclose a mortgage, dated November 28, 1883, given to the plaintiff by the defendants, Clark & Kline, upon their "brewery lot," to secure the plaintiff "for moneys loaned and paid by said Morris (plaintiff) and upon certain notes and obligations held or indorsed by Morris, but made by Clark & Kline, * * * the security to extend to and include any and all notes, etc.; provided, however, that said liabilities shall, at no time, exceed six thousand dollars, exclusive of costs and expenses; and to the extent of six thousand dollars this conveyance shall be a continuing security for any amount that may, at any time be due said Morris."

Two days before this mortgage was given, Clark & Kline gave the plaintiff their promissory note for $4,000, at three months. The plaintiff, by this action of foreclosure, sought to collect said note. The defendant Fales, who was a subsequent purchaser of the mortgaged premises, defended and showed the following facts: On the 12th of March, 1883, Clark & Kline gave the plaintiff a mortgage upon other property, known as the mill property, for $16,000, to secure plaintiff as their indorser, and plaintiff thereafter indorsed Clark & Kline's notes to the amount of $14,500. Plaintiff, in addition, loaned Clark & Kline $5,000 upon their note for that sum, dated August 27, 1883, indorsed by Maria McDonald. This note became due November 30, 1883. On the 3d day of December, 1883, Clark & Kline made a general assignment for the

benefit of their creditors, of all their property, to Hinman & Crane, who accepted the trust. On the 6th of March, 1884, the general assignees negotiated with the defendant Fales for the sale by them, to him, of the real estate of Clark & Kline covered by the two mortgages aforesaid, and also incumbered by other mortgages, for the sum of $35,000, subject to the last mentioned mortgages, but upon the agreement of the assignees that the $16,000 and the continuing security mortgages to the plaintiff should be paid and satisfied by them out of the $35,000 purchase money. The assignees gave Fales a deed of the two properties March 8, 1884, in pursuance of such negotiation, and Fales paid them the $35,000. The plaintiff was notified after the deed was given of the terms of the agreement between the assignees and Fales. On the following day one of the assignees paid to plaintiff the amount of the $5,000 note indorsed by Maria McDonald, but did not pay the $4,000 note, for which the mortgage is now sought to be foreclosed. All the notes indorsed by the plaintiff for Clark & Kline were paid by the assignees.

The defendant Fales contends that the $5,000 payment should be applied in reduction of the $6,000 limit of the mortgage in suit. The plaintiff contends that that payment reduced the balance due to him from Clark & Kline to the $4,000 note which he now seeks to enforce. The trial court so held.

*E. F. Bullard,* for the appellant.

*M. L. Stover,* for the respondent.

LANDON, J.:

When Clark & Kline failed, the plaintiff held their two notes, one for $5,000, indorsed by Maria McDonald and secured by a preference in the general assignment, and the $4,000 note, here in suit, not so secured; but both notes were secured by the mortgage now sought to be foreclosed to the extent of $6,000. The plaintiff had the right to use these two securities to his best advantage, if the superior equities of third parties did not prevent. Certainly he could not be compelled to foreclose this mortgage until he had realized all he could upon the $5,000 note under the preference

given it in the assignment, so as to bring the balance secured by this mortgage within the $6,000 limit fixed by it.

It is true the assignees could have paid the $6,000 secured by the mortgage, and have thereby satisfied it. But they did not attempt to do this, but voluntarily paid and applied $5,000 upon the note preferred by the assignment. Whether their assets would justify their payment to the plaintiff of the $5,000 in full was a matter for them to determine, as between themselves and the plaintiff, and which we are not called upon by the assignees to ascertain. They failed to keep their agreement with Fales to procure the discharge of this mortgage, but the plaintiff did not become their surety for their performance. For aught that we know, the remedy of Fales is complete against them, without compelling the plaintiff to apply the money he received from the assignee to any other purpose than they applied it. The $5,000 note was in the second class of preferred claims. After paying all of these claims it appears that the assignees had in their hands $1,146 in money and $3,500 of claims in litigation. It is not clear that Fales may not compel them to protect him against this mortgage without exposing them to personal loss.

But the case is still stronger for the plaintiff. He held the $16,000 mortgage to protect himself against his indorsements for Clark & Kline. He had been paid the $14,500 of notes which he had indorsed for them. The $5,000 note had been discounted by him at his own bank, but he had indorsed it and procured its rediscount at another bank; this note fell due November 30, 1883, and Clark & Kline gave to the plaintiff a new note with Maria McDonald's indorsement, and thereupon the plaintiff paid the first note. It is not probable that the $16,000 mortgage was in terms security for this note, but the plaintiff claimed it was and refused to satisfy it until the balance claimed by him to be unpaid upon it should be paid, and when it was paid by paying the $5,000 note he satisfied the $16,000 mortgage. The assignees were thus enabled to make good to Fales that part of their agreement whereby they undertook to procure the satisfaction of both mortgages held by plaintiff. They recognized the force of the plaintiff's position with respect to the $16,000 mortgage, and accepted the terms proposed by him for its satisfaction. Suppose he did demand more than he

could maintain by litigation. His demand was voluntarily complied with by the assignees, and thus a doubtful claim was adjusted and the land freed from the record of an incumbrance.

The defendant claims that the payment of either of the two notes by the assignees extinguished the mortgage to the extent of the payments. But the mortgage was by its terms a continuing security for any amount that may at any time be due upon any or all notes or renewals of them, to the amount of $6,000. The defendant concedes that if Clark & Kline had not failed and had made payments upon either note the mortgage would have been good for any balance not exceeding $6,000. The assignees stand in Clark & Kline's shoes, and may voluntarily pay upon either note, subject to correction if they improperly impair the rights of other creditors of their assignors. And the plaintiff may take that which is his due without liability to be bound by a contract which the assignees make with Fales. The difficulty with Fales' case is, he relied upon the assignor's representation that they would procure Morris to satisfy both mortgages, when the fact was that Morris was determined that he would not satisfy both unless both were paid to the extent that he claimed that they were valuable. It was not convenient for the assignees to pay at that time both in full, and they procured one to be satisfied, and probably hoped to be able soon to satisfy the other, but have not yet found it convenient.

The judgment should be affirmed, with costs.

LEARNED, P. J., BOCKES, J., concurred.

Judgment affirmed, with costs.